```
       IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| BIJAN AZIZ f/k/a Bezhan Aziz | : | |
| | : | |
| v. | : | Civil Action No. DKC 25-484 |
| | : | |
| ADT LLC | | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case brought by Plaintiff Bijan Aziz ("Plaintiff") is the motion to compel arbitration and stay proceedings filed by Defendant ADT LLC ("Defendant"). (ECF No. 6). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to compel arbitration and stay proceedings will be granted.

**I. Background**[1]

In June 2022, Defendant hired Plaintiff as a Tech Engineer, Install Design Specialist. (ECF Nos. 2 ¶ 2; 6-1, at 1). On June 2, 2022, Plaintiff electronically signed an arbitration agreement (the "Agreement"). (ECF Nos. 6-1, at 2; 6-3). The Agreement states, in part:

> The undersigned employee ("Employee") and ADT LLC ("ADT" or the "Company") enter into this Mutual Arbitration Agreement ("Agreement") to

---

[1] Unless otherwise noted, the following facts are undisputed and construed in the light most favorable to the nonmoving party.

utilize binding individual arbitration as the sole and exclusive means to resolve all disputes that may arise out of or be related in any way to Employee's employment with the Company under the following terms and conditions:

1. Except as provided below, Employee and the Company both agree that all legal disputes and claims between them shall be determined exclusively by final and binding arbitration before a single, neutral arbitrator as described herein. . . . Claims subject to arbitration under this Agreement include without limitation any and all claims relating to Employee's employment or the termination of Employee's employment including claims under federal, state, or local statutes; . . . . Except as provided below, Employee and the Company voluntarily waive all rights to trial in court before a judge or jury on all legal claims between them.

2. The only legal disputes and claims excluded from this Agreement are: . . . (e) actions to enforce this Agreement, compel arbitration, or enforce or vacate an arbitrator's award under this Agreement; and (f) a claim or charge filed with a federal, state, or local administrative agency such as the Equal Employment Opportunity Commission, National Labor Relations Board, Department of Labor, or similar agency. As to subpart (e) above, the parties hereby agree and stipulate that such actions and this Agreement are covered and governed by Section 2 of the Federal Arbitration Act and not any state law. . . .

3. As referenced above, by agreeing to submit the described claims to binding arbitration, Employee does not waive the right to file an administrative complaint with the appropriate administrative agency but does knowingly and voluntarily waive the right to file, or participate or obtain relief in, a court action of any nature seeking money damages or

2

> injunctive relief against the Company, except as described above. . . .
>
> 4. . . . This binding arbitration Agreement shall not be construed to allow or permit the consolidation or joinder of claims of other claimants, or permit such claims to proceed as a class or collective action. . . .
>
> 5. In addition to any other requirements imposed by law, the arbitrator selected to hear claims under this Agreement shall be a retired state or federal trial court judge, or an otherwise qualified individual to whom the parties mutually agree, and shall be subject to disqualification on the same grounds as would apply to a judge of such court. The Federal Rules of Civil Procedure and the Federal Rules of Evidence, including all rights to resolution of the dispute by means of motions for dismissal, summary judgment, judgment on the pleadings, and directed verdict, shall apply and be observed. . . .
>
> . . . .
>
> 7. . . . This Agreement shall remain in effect even after the termination of Employee's employment with the Company. . . .
>
> 8. Employee warrants and agrees that he or she has read and understands this Agreement. Employee acknowledges that he or she is knowingly waiving the right to file a lawsuit relating to Employee's employment with the Company as well as the right to resolve disputes in a proceeding before a judge or jury, except as described above. Employee further acknowledges and agrees that this Agreement, while mutually binding upon the parties, does not constitute a guarantee of continued employment for any fixed period or under any particular terms except those contained herein and does not alter in any way the at-will nature of Employee's employment relationship.

> **MY SIGNATURE BELOW CONFIRMS THE FACT THAT I HAVE READ, UNDERSTAND, AND VOLUNTARILY AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS. I FURTHER UNDERSTAND THAT THIS AGREEMENT REQUIRES THE COMPANY AND ME TO ARBITRATE ANY AND ALL DISPUTES THAT ARISE OUT OF MY EMPLOYMENT, AND THAT I AND THE COMPANY ARE GIVING UP OUR RIGHTS TO A TRIAL BY JURY.**
>
> DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE ACKNOWLEDGMENT AND AGREEMENT.

(ECF No. 6-3, at 4-5). Plaintiff's electronic signature appears below this text, and it is dated June 2, 2022. (ECF No. 6-3, at 5).

On January 5, 2023, Defendant terminated Plaintiff. (ECF No. 2 ¶ 40). On or about August 25, 2023, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued a right to sue notice on August 20, 2024. (ECF No. 2 ¶¶ 47, 52). On November 18, 2024, Plaintiff filed suit in the Circuit Court for Montgomery County, alleging violations of federal, state, and local anti-discrimination laws. (ECF No. 2). On February 14, 2025, Defendant removed the case to this court, asserting federal question jurisdiction and supplemental jurisdiction over the state law claims. (ECF No. 1). On February 19, 2025, Defendant filed a motion to compel arbitration and stay proceedings. (ECF No. 6). On March 18, 2025, Plaintiff filed a response in opposition, (ECF No. 13), and on April 1, 2025, Defendant filed a reply in support of its motion. (ECF No. 15).

## II. Standard of Review

> "[M]otions to compel arbitration exist in the netherworld between a motion to dismiss and a motion for summary judgment." *Grant-Fletcher v. Collecto, Inc.*, No. 13-cv-3505-RDB, 2014 WL 1877410, at *3 (D.Md. May 9, 2014) (quoting *Caire v. Conifer Value Based Care, LLC*, 982 F.Supp.2d 582, 589 (D.Md. 2013)). Where, as here, the parties premise their arguments on documents outside the pleadings, courts consider the documents and apply the summary judgment standard. *Samura v. SavaSeniorCare Admin. Servs., LLC*, No. 1:20-cv-02095-SAG, 2020 WL 6946587, at *2 (D.Md. Nov. 25, 2020); *see also Grant-Fletcher*, 2014 WL 1877410, at *3; *Rose v. New Day Fin., LLC*, 816 F.Supp.2d 245, 251-52 (D.Md. 2011).

*Miranda Sorto v. Carrols LLC*, No. 23-CV-2263-DKC, 2024 WL 2783906, at *2 (D.Md. May 30, 2024).

A court will grant a motion for summary judgment when there is no genuine dispute of a material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted).

## III. Analysis

Defendant seeks to compel Plaintiff to submit his claims to arbitration pursuant to the Federal Arbitration Act, (the "FAA"), 9 U.S.C. §§ 3, 4. Under the FAA, an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4." 9 U.S.C. § 2. The FAA further provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. "The FAA reflects 'a liberal federal policy favoring arbitration agreements.'" *Miranda Sorto*, 2024 WL 2783906, at *2 (quoting *Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002)). "In considering whether an agreement to arbitrate is enforceable, courts must be 'mindful of the FAA's purpose "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same

footing as other contracts."'"  *Id.*, at *2 (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000)).

The party seeking to compel arbitration must show:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [the other party] to arbitrate the dispute.

*Adkins*, 303 F.3d at 500-01 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)).

> Section 4 of the FAA provides that if a court is "satisfied that the making of the agreement for arbitration ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If, however, "the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." *Id.* In other words, "[s]ection 4 ... requires that the district court—rather than an arbitrator— decide whether the parties have formed an agreement to arbitrate." *Berkeley Co. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019).

*Miranda Sorto*, 2024 WL 2783906, at *3.

The parties do not dispute the existence of a dispute between the parties, the relationship of the transaction to interstate commerce, and the refusal of Plaintiff to arbitrate the dispute. The parties do dispute whether the Agreement is a valid and enforceable arbitration agreement that covers this dispute.

Defendant argues that the Agreement is valid and enforceable and applies to "any and all claims relating to Employee's employment or the termination of Employee's employment." (ECF No. 6-3, at 4). Plaintiff argues that the Agreement is unenforceable because it contains incongruous provisions, it improperly allows Defendant to select a retired judge as an arbitrator, it contains unfair material deficiencies, and Defendant has not shown its assent. (ECF No. 13-1).

### A.  Valid and Enforceable Arbitration Agreement

To resolve a motion to compel arbitration, the district court must "engage in a limited review to ensure that the dispute is arbitrable—*i.e.*, that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Murray v. United Food & Com. Workers Int'l Union*, 289 F.3d 297, 302 (4th Cir. 2002) (quoting *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999)). In its review, the court "appl[ies] ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "Under Maryland law, '[t]he formation of a contract requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration.'" *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 777 (4th Cir. 2013) (quoting *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004)). "An arbitration

8

agreement is supported by adequate consideration where both parties agree to be bound by the arbitration process." *Bowers v. WebstaurantStore*, No. 20-CV-3516-DKC, 2021 WL 4864220, at *1 (D.Md. Oct. 19, 2021) (citing *Johnson v. Cir. City Stores*, 148 F.3d 373, 378 (4th Cir. 1998)).

Plaintiff does not dispute that he signed the Agreement as part of the process to secure his job.  (ECF No. 13-1, at 2). Plaintiff also acknowledges that "his pathway to remaining in court is seemingly narrowed."  (ECF No. 13-1, at 2-3).  Nevertheless, Plaintiff argues that Defendant's motion to compel arbitration should be denied because of the "language, structure, and execution of the Agreement."  (ECF No. 13-1, at 3).

### 1. Alleged Incongruous Provisions

Plaintiff contends that the Agreement contains several internal inconsistencies which render the Agreement unenforceable. (ECF No. 13-1, at 3).  Defendant asserts that Plaintiff misinterprets the Agreement, and further, that the purported inconsistencies are insufficient grounds on which to render the Agreement unenforceable.  (ECF No. 15, at 3).

First, Plaintiff argues that the Agreement states that actions to compel arbitration are excluded from arbitration, and also states that those actions are governed by the FAA "and not any state law."  (ECF No. 13-1, at 4).  Plaintiff contends that this seeks to prevent a court from using any state law when

9

determining a motion to compel which "is problematic" because whether a properly formed arbitration agreement exists is a question of state contract law. (ECF No. 13-1, at 4) (citing *Johnson v. Cont'l Fin. Co.*, 131 F.4th 169, 178 (4th Cir. 2025) (quoting *Rowland v. Sandy Morris Fin. & Est. Plan. Serv., LLC*, 933 F.3d 253, 258 (4th Cir. 2021) ("Whether an arbitration agreement was properly formed 'is a question of ordinary state contract law principles.'").

Defendant asserts that Plaintiff's arguments are "a misstatement of applicable law and Defendant's arguments in its [m]otion." (ECF No. 15, at 3). Defendant asserts that it does not suggest the FAA should override state law, especially regarding whether a valid arbitration agreement exists. (ECF No. 15, at 4).

The arbitration agreement does not preclude reference to state law when determining, under the FAA, whether the agreement to arbitrate was properly formed. Indeed, that is what the FAA requires, as recognized in *Johnson*, 131 F.4th at 178.

Second, Plaintiff argues that the Agreement is incongruous because it states that the Federal Rules of Civil Procedure "shall apply," but it also does not permit "the consolidation or joinder of claims of other claimants, or permit such claims to proceed as a class or collective action," and it waives the right to a jury trial. (ECF No. 13-1, at 5-6).

10

Defendant argues that Plaintiff is not pursuing a class or collective action; therefore, that part of Plaintiff's argument is not relevant. (ECF No. 15, at 4). Additionally, Defendant argues that the Agreement *preserves* "all rights to resolution of the dispute by means of motions for dismissal, summary judgment, judgment on the pleadings, and directed verdict," and does not limit those rights. (ECF Nos. 15, at 5; 6-3, at 4). Lastly, Defendant contends that the Agreement's reference to the Federal Rules of Civil Procedure does not conflict with the waiver of right to a jury trial, because the right to a jury trial in federal civil cases is from the United States Constitution, and not the Federal Rules of Civil Procedure. (ECF No. 15, at 5).

Again, Plaintiff attempts a strained reading of the Agreement. Only individual claims may be asserted in arbitration: no joinder of claims of others, and no class or collective actions may proceed. Arbitration is before an arbitrator, and there is no jury. Thus, agreeing to arbitrate involves a waiver of the jury trial right. But, when a claim is before an arbitrator, the federal rules, procedural and evidentiary, apply.

Third, Plaintiff argues that the Agreement is incongruous because it states that it governs "any and all claims relating to Employee's employment or the termination of Employee's employment including claims under federal, state, or local statutes," and also states that "a claim or charge filed with a federal, state,

11

or local administrative agency such as the Equal Employment Opportunity Commission" is excluded from the Agreement. (ECF No. 13-1, at 6-7). Plaintiff argues that the claims he is pursuing were filed with the EEOC, and the Agreement suggests he can litigate these claims in court, and not through arbitration. (ECF No. 13-1, at 8). Plaintiff argues that this and similar language "renders [the Agreement] nonsensical" and thus not "definite in its terms" as required for a valid contract. (ECF No. 13-1, at 8-9).

Defendant states that "it is unclear, what exactly, Plaintiff attempts to argue" in this section. (ECF No. 15, at 5). Defendant points out that administrative exhaustion is required before filing suit; accordingly, including a similar requirement before arbitration does not contradict or limit Plaintiff's rights. (ECF No. 15, at 5).

Once again, Plaintiff is trying to find confusion where none is present. The Agreement does not prevent the filing of an EEO claim but requires that any following legal claim be brought in arbitration. It also excludes claims for "workers' compensation benefits, unemployment, or other benefits under a plan or program that provides its own process for dispute resolution." (ECF No. 6-3, at 4).

In sum, Plaintiff has not identified any unconscionable or indefinite terms that preclude the formation of a valid contract.

### 2. Choice of Arbitrator

Plaintiff argues that the Agreement improperly allows Defendant to choose a retired judge as the arbitrator, without Plaintiff's consent. (ECF No. 13-1, at 9). The Agreement states, "the arbitrator selected to hear claims under this Agreement shall be a retired state or federal trial court judge, or an otherwise qualified individual to whom the parties mutually agree." (ECF No. 6-3, at 4). Plaintiff reads this to mean "if he or she is a retired judge, such mutual[] agreement need not exist, which implies that Defendant, as drafter of the Agreement, would make the selection without any need to confer with Plaintiff.[]" (ECF No. 13-1, at 9). Such a unilateral ability to select the arbitrator would, indeed, be problematic. As noted in a case cited by Plaintiff, *Raglani v. Ripken Pro. Baseball*, 939 F.Supp.2d 517, 524 (D.Md. 2013), the right to control the list of arbitrators who might be selected "undermine[s] [the litigant's] access to a neutral forum to vindicate [the litigant's] rights." In a footnote, Plaintiff also argues that the Agreement is "insufficiently definite" because it does not provide the arbitration forum and location, as well as where the judge would come from. (ECF No. 13-1, at 9 n.5).

Defendant argues that Plaintiff misinterprets the Agreement, and Defendant asserts that whether the arbitrator is a retired judge or "an otherwise qualified individual," "the arbitrator must

13

be someone to 'whom the parties mutually agree.'" (ECF No. 15, at 6). Additionally, Defendant contends that the Agreement is sufficiently definite because the FAA fills in missing terms of an arbitration agreement, such as in which district arbitration will take place, and the method for choosing an arbitrator. (ECF No. 15, at 6-7).

Plaintiff's argument is premised on the presence of a comma after the word "judge," or perhaps a missing comma after the word "individual." While the provision, perhaps, could have been more precise if the phrase "to whom the parties mutually agree" were placed differently, the provision does not mean that Defendant has any unilateral right to name the arbitrator. Defendant agrees that, regardless of whether the arbitrator is a judge or someone else, both parties must agree to the arbitrator. Further, Plaintiff does not cite to any binding case law to support his argument that the lack of detail he described will render an agreement insufficient. Defendant notes that the FAA supplies some of the terms.

### 3. Alleged Material Deficiencies

Plaintiff contends that the Agreement is single spaced with small font, does not provide "any opt-out possibility or timeframe for its review and consideration," does not allow for withdrawal once signed, does not define or explain the arbitration process, is only presented in English, contains "legalese" that is difficult

14

for non-lawyers, and does not provide that the employee can consult with an attorney before signing. (ECF No. 13-1, at 10). Plaintiff acknowledges that "none of these dynamics alone will presumably suffice to overcome a motion to compel arbitration," but he argues that considered together with the other reasons, Defendant's motion should be denied. (ECF No. 13-1, at 10-11).

Defendant contends that Plaintiff has not argued that these "deficiencies" impacted his ability to read or understand the Agreement. (ECF No. 15, at 8). Defendant also points out that Plaintiff has not provided any binding case law in support of his arguments. (ECF No. 15, at 8).

As both parties acknowledge, the alleged "deficiencies" do not suffice by themselves to render the Agreement unenforceable. Plaintiff has not contended that any of the "deficiencies" affected his ability to understand what he was signing, and he has not cited to any binding case law. The other alleged deficiencies have been discounted and adding these laments does not change the outcome.

### 4. Defendant's Assent

Lastly, Plaintiff argues that because Defendant did not execute the Agreement, Defendant has failed to demonstrate his assent and intent to be bound by the Agreement. (ECF No. 13-1, at 11). Defendant argues that the Agreement is a mutual agreement, as demonstrated by the language at the beginning of the Agreement that "[t]he undersigned employee ("Employee") and ADT LLC ("ADT"

15

or the "Company") enter into this Mutual Arbitration Agreement." (ECF No. 6-3, at 4).

"[F]ormation of a contract does not require the parties' signatures 'unless the parties have made them necessary at the time they expressed their assent and as a condition modifying that assent.'" *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79 (4th Cir. 2016) (quoting *Porter v. Gen. Boiler Casing Co.*, 284 Md. 402, 410-11 (1979)).  The Agreement does not require Defendant's signature, and Defendant demonstrated its assent to enter the Agreement by stating that "[t]he undersigned employee ("Employee") and ADT LLC ("ADT" or the "Company") enter into this Mutual Arbitration Agreement."  (ECF No. 6-3, at 4).  Therefore, the Agreement is enforceable.

There is a valid agreement to arbitrate between Plaintiff and Defendant, and Plaintiff does not dispute that this specific dispute is within the scope of the Agreement.  Therefore, the Agreement will be enforced.

    **B.**    **Request for Alternative Relief**

Plaintiff requests that if the court grants Defendant's motion to compel arbitration and stays the proceedings, the court should "allow for the submission of periodic status reports from one or both of the parties." (ECF No. 13-1, at 12-13).  Plaintiff states this will "better ensure that Plaintiff's rights are being

16

appropriately vindicated through the arbitration process." (ECF No. 13-1, at 13).

Defendant states that while it "is not fundamentally opposed" to this, it is "unnecessary and a waste of time and resources." (ECF No. 15, at 9). Further, Plaintiff has not expressed how frequently the status reports would be required or what they should include. (ECF No. 15, at 9).

This case will be stayed and administratively closed. The parties will be directed to notify the court within 30 days of the completion of arbitration and either party will be permitted to ask to have the case reopened. No further formal status reports are necessary.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to compel arbitration and stay proceedings will be granted. A separate order will follow.

                                         /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge